**JOSEPH A. VELEZ (SBN: 16059)**
**ATTORNEY AT LAW**
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251
Tel: (480) 710-5079
Fax: (480) 945.0553
*Attorney for Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE THOMPSON<br><br>Debtors.<br>_____<br>SHELDON R. GERARD REVOCABLE LIVING TRUST AGREEMENT DATED<br>JANUARY 15, 2004, a trust organized under the laws of Arizona<br><br>Plaintiffs,<br>v.<br>MICHELLE LYNN THOMPSON F/K/A MICHELLE WELLS, AND JOHN DAVID THOMPSON,<br><br>Defendants. | Case No. 2:11-bk-32864-RJH<br><br>Adv. No. 2:12-ap-00644<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs, Sheldon R. Gerard and the Sheldon R. Gerard Revocable Living Trust Agreement, Dated January 15, 2004 (collectively "Gerard" or "Plaintiff"), file this Reply to Defendants' Response to Plaintiffs' Motion for Summary Judgment asserting that the Judgment of the Maricopa County Superior Court (the "Superior Court") is

nondischargeable. As fully set forth in Plaintiffs' Motion for Summary Judgment and this Reply Brief, the Court should grant summary judgment in favor of Plaintiffs and find the Judgment to be a nondischargeable debt.

## I. THE JUDGMENT IS FINAL FOR PURPOSES OF ISSUE PRECLUSION

Debtor first attacks the superior court judgment on the grounds that it is not a final judgment because it did not enter judgment on all of the causes of action brought by Plaintiff, and did not contain Rule 54(b), A.R.Civ.P. language which would make the judgment immediately appealable.

Debtor's argument is in error. When a party asserts issue preclusion based on a decision is not considered appealable, the parties are precluded from relitigating the issue again where the decision was sufficiently firm to be accorded conclusive effect, meets the other requirements for preclusion, and could have been reviewed by special action. *Elia v. Pifer,* 194 Ariz. 74, 80, ¶ 33, 977 P.2d 796, 802 (App.1998); Restatement (Second) of Judgments §§ 13 cmt. g and 28(1), cmt. a (1982); *Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 181, 91 P.3d 1019, 1024 (Ariz. App. 2004). Thus, if the judgment here was, as Debtor asserts, entered as a sanction, it was reviewable by special action. See Ariz.R.Proc. for Spec. Act. Rule 1(a); *Trombi v. Donahoe*, 223 Ariz. 261, 265, & 14, 222 P.3d 284, 288 (Ariz. App. 2009); *Stoddard v. Donahoe*, 224 Ariz. 152, 154, 228 P.3d 144, 146 (Ariz. App. 2010). As a result, even if the judgment was not a complete disposition of all parties and all claims so as to create an appealable judgment, it was still final for purposes of issue preclusion.

"[T]he wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment." Restatement (Second) of Judgments § 13 (1982-2012). What the court considers is not whether the judgment is appealable, but whether "the decision to be carried over was adequately deliberated and firm, even if not final in the sense of forming a basis for a judgment already entered." The question is whether the decision was "procedurally definite." *Id*.

Here, the Plaintiffs, the Debtor and the superior court all treated this judgment as conclusive. Plaintiffs began executing on the judgment, issuing garnishments of Debtor's accounts. PSOF Exhibit A, Superior Court Docket. Debtor never attempted to set the judgment aside, did not challenge it and filed no further proceedings in the case.

Further, the Judgment itself appears to be a judgment that fully decides the action. The Judgment at issue clearly states that it was "the matter", i.e., the entire case, that was being decided, and the remaining causes of action were completely subsumed within those that were explicitly ruled upon. The superior court appears to have intended the judgment to be a final judgment on the merits. PSOF Exhibit J, Judgment. As a result, the decision is "sufficiently firm to be accorded conclusive effect." *Elia v. Pifer, supra*. This Court should so find.

**II.    THE ISSUES WERE ACTUALLY LITIGATED**

Debtor next argues that the judgment was not actually litigated. She attempts to distinguish this case from *In Re Dailey*, 47 F.3d 365 (9th Cir. 1995), cited by Plaintiff. In *Dailey*, she argues, the plaintiff pursued his discovery requests for two years before seeking sanctions under Rule 37. F.R.Civ.P., and the court ruled that the failure to

provide discovery was the result of a deliberate, dilatory course of action. What Debtor ignores however, is that she, and her attorney before her, also delayed discovery and provided insufficient discovery for some time. The case was filed in 2007. Plaintiff waited until August of 2010 to seek judgment as a sanction, and only after giving Debtor the opportunity to provide satisfactory discovery responses – which to this day she has not done. Debtor had also engaged in other dilatory and obstructionist behaviors, by failing to show up to hearings. By the time the Motion for Judgment was filed, it was clear to the court and to Plaintiff's counsel that Debtor had decided not to participate in the litigation. Like the court in *Dailey*, the superior court here was empowered to enter judgment for the obstructionist behavior of debtor. If a party fails to participate in discovery, the court is permitted to enter judgment against them. See Rule 37(c)(1), A.R.Civ.P. and Rule 37(b)(2)(C).

Debtor also tries to compare her case to *In re Antonakis*, 207 B.R. 201, 204 (Bankr. E.D. Cal. 1997). This is in error. The court in *Antonakis* made it clear that it was addressing "the effect of a prior **federal** district court judgment upon the present bankruptcy adversary proceeding. The word federal is emphasized because, while bankruptcy courts apply the issue preclusion rules of a particular state when deciding upon the preclusive effect of judgments issued by courts of that state, … when the prior decision emanates from a federal court in a federal question case, the federal law of issue preclusion applies." *Id*. (emphasis in original).

In this case, the Court is addressing the preclusive effect of an Arizona state court judgment, not a former federal judgment. Further, in *Antonakis*, the default judgment

was a case of a true default judgment. There, the Plaintiff had filed a second amended complaint, and the Debtor, (who was without counsel), failed to plead or otherwise defend. It was on that basis that the court entered default. *Id*. at 203. In this case, the Debtor had fully engaged in the litigation, filed an answer and actively defended the case.

Debtor also attempts to use her lack of counsel as a shield to defend her failures to appear at hearings and to engage in discovery.[1] However, it does not require counsel for Debtor to appear at a status conference, nor did the lack of counsel prevent her from making some effort at responding to discovery. There is no magic password to the courts that only attorneys possess, and discovery requests are written in plain English. Debtor was in fact fully able to engage in the court proceedings when she was between counsel. On September 18, 2009, she filed pro per a 5 page Objection to Motion to Vacate Discovery Deadlines which was articulate and showed her knowledge and ability to maneuver within the court proceedings.

Debtor also asserts that *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986) stands for the proposition that if the judgment is a default judgment, the issues are not actually litigated. What Chaney actually says is "in the case of a judgment entered by confession, consent or default, none of the issues is actually litigated." In so holding, Chaney cited to Restatement (Second) of Judgments § 27,

---

[1] Debtor asserts that she had a new job and was afraid to ask for time to attend one of the hearings. However, as noted *infra,* she knew how to file a motion requesting relief from the court. She didn't however, and she didn't ask opposing counsel to reset the hearing, and she made no attempt to explain to either the court or counsel why she could not attend. She simply didn't show up.

comment e. This Restatement comment makes it clear that the type of default judgment that does not have preclusive effect is one where the defendant failed to interpose a defense. It states, "There are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action. …An issue is not actually litigated if the defendant might have interposed it as an affirmative defense but failed to do so." *Id*.

Here, Debtor filed an answer and asserted defenses, conducted discovery, and engaged in the litigation. She did not merely admit the complaint, allow a default without filing an answer or otherwise fail to contest the superior court lawsuit. Under Arizona and federal law, the judgment is preclusive because the issues were actually litigated.

### III. THE RECORD SHOWS THE ISSUES WERE NECESSARILY DECIDED

Debtor next argues that because there was no "record" showing the court's findings below, Plaintiff has failed to meet his burden of proving that the issues were necessarily decided in the superior court. The two cases she cites to support that proposition, *In re Cantrell*, 329 F.3d 1119 (9th Cir. 2003) and *In re Harmon*, 250 F.3d 1240, 1248 (9th Cir. 2001) do not apply. Both of these cases involved true default judgments, and both applied California, not Arizona, law.

In the third case cited by Debtor, *In re Kirkland*, 2008 WL 8444824 (B.A.P. 9th Cir. 2008), actually supports Plaintiff's position that the record provided here is enough for this Court to apply issue preclusion. The *Kirkland* court held that to show that the issues were "necessarily decided" it was sufficient that "the State Court made express findings that [Plaintiff] had 'presented proof in support of her claim,'… that the

allegations of the complaint 'are sustained by the evidence' and the 'evidence substantiates this [J]udgment' [and] the Judgment concludes that 'all issues of law and fact material to this [J]udgment are resolved in favor of plaintiff.'" *Id*. at *12.

The Judgment here provides all that. It states that the court has found in favor of the Plaintiffs, and that the court has made findings. The Judgment specifically states that each Defendant "has breached its contracts with the Plaintiffs, has committed Intentional Fraud, has committed Intentional Consumer Fraud, has committed Intentional State Securities Fraud, has breached its or her Fiduciary Duty to the Plaintiffs, and has committed negligence." PSOF ¶ 20. As a result, there are express findings by the Superior Court. The issues were therefore "necessarily decided."

Further, the superior court transcript for the hearing on the judgment has now been provided to this Court as Exhibit 2 to Debtor's Controverting Statement of Facts ("DCSOF"). DCSOF Exhibit 2, pages 12-17, 47-48, 68, 72, 81-83. Thus, the record demonstrates that the issues were necessarily decided by the superior court and this Court should apply issue preclusion.

**IV.     THE FRAUD ISSUES WERE ACTUALLY LITIGATED AND NECESSARILY DECIDED**

Debtor enumerates a portion of the facts alleged in Plaintiff's causes of action for fraud and argues that under some scenarios the superior court could have entered judgment without making the findings of intent. She also asserts that the allegations don't show that in committing her fraud she directly obtained <u>Plaintiff's</u> money. However, Debtor cannot now argue the facts and evidence regarding these claims.

The two doctrines of issue preclusion and claim preclusion share the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). For that reason, the Court asked to apply issue preclusion does not rehear the facts and evidence behind the claims. In the dischargeability context, the court looks instead to whether the elements of the claim determined in the prior judgment are identical to the elements for nondischargeabiliy under the applicable sub-section of 11 U.S.C. § 523(a). *Grogan,* 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Honkanen*, 446 B.R. at 382.

Issue preclusion requires proof that: (1) the issue was actually litigated in a previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was essential to the decision, and (5) there was a common identity of the parties. *Short v. Dewald,* 226 Ariz. 88, 93, 244 P.3d 92, 97 n. 4 (Ariz. App. 2010). Nowhere in this required proof is that certain facts were alleged or specific evidence entered into the record. To require proof of the evidence presented would essentially require re-litigation – the very thing that issue preclusion is intended to prevent.

The Debtor also urges that because the superior court judgment "simply awards lump sums for principal and interest, and references consequential, incidental, compensatory and punitive damages" the fraud findings were not necessary to the judgment. This is somewhat nonsensical. The superior court's ruling is a judgment for

fraud (among other things). It assesses damages. The fact that the damages are a lump sum does not make the fraud finding unnecessary to the Judgment.

In fact, a case cited by Debtor elsewhere in her response demonstrates just this fact. In *Cohen v. de la Cruz*, 523 U.S. 213, 214, 118 S. Ct. 1212, 1214, 140 L. Ed. 2d 341 (1998), the Supreme Court rejected the idea that in asserting a debt for "money, property, services, or ... credit" obtained by the debtor by fraud, the creditor is limited just to recovering the amount so obtained. Instead, the Court permitted the creditor to recover all the losses including those consequential and incidental to the money obtained by fraud. The Court clearly held that all such losses comprised the nondischargeble debt. Here, too, the damages assessed arose from each of the causes of action, and thus all of the damages are attributable to fraud as well as to the other claims Plaintiff asserted. This Court should so find, and should hold that the debt represented by the judgment of the superior court is non-dischargeable.

**V. THE FRAUD WAS IN RELATION TO THE DEBTOR ACTION IN A FIDUCIARY CAPACITY AND IS THUS NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a) (4)**

In arguing that the debt does not fall within 11 U.S.C. § 523(a)(4), the Debtor once again seeks to re-litigate the judgment already entered. She attempts to go behind the judgment to claim she has no fiduciary relationship. Then, she asserts that Plaintiff must show that there was a fiduciary relationship before the fraud occurred.

The state court made the finding that the Debtor had a fiduciary relationship with the Plaintiff, and that this was the source of the fraud. Arizona law provides that partners owe each other fiduciary duties. *Jerman v. O'Leary*, 145 Ariz. 397, 402, 701 P.2d 1205,

1210 (Ariz. App. 1985). Debtor asserts that there was no such partnership. However, a joint venture, which Arizona law sometimes calls a partnership for a single transaction, need not be written – it may be implied by law. *Ellingson v. Sloan*, 22 Ariz. App. 383, 527 P.2d 1100 (1974). Thus, the state court had the factual basis to make such a finding. This Court must accept that finding under the principles of issue preclusion, as issue preclusion bars relitigation of the issues. *In re Honkanen*, 446 B.R. 373, 382 (B.A.P. 9th Cir. 2011).

Under § 523(a)(4), "the plaintiff must prove not only the debtor's fraud or defalcation, but also <u>that the debtor was acting in a fiduciary capacity when the debtor committed the fraud or defalcation</u>." *In re Honkanen*, 446 B.R. 373, 378 (B.A.P. 9th Cir. 2011); *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994). Here, the judgment contained the necessary finding that Debtor was acting in a fiduciary capacity and committed fraud. Accordingly, the debt is nondischargeable under 11 U.S.C. § 523(a)(4).

**VI. THE DEBT IS NONDISCHARGEABLE UNDER 11 U.S.C. § 523(A)(19), AND ISSUE PRECLUSION IS NOT REQUIRED FOR THE FINDING OF NON-DISCHARGEABILITY**

Debtor argues that because "the debts reflected in the Judgment ***could*** have arisen out of the other causes of action for which Thompson was found liable, securities violations were not necessarily decided, and the Judgment thus cannot be deemed nondischargeable under § 523(a)(19). This kind of speculative response is insufficient to prevent the entry of summary judgment in favor of Plaintiff. Summary judgment is appropriate if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(a), F.R.Civ.P.; Rule 7056, F.R.Bk.P.;

*State Farm Mut. Auto Ins. Co. v. Davis,* 7 F.3d 180, 182 (9th Cir.1993). "Material facts" are such facts as may affect the outcome of a case under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In order to demonstrate the existence of a genuine dispute concerning a material fact, the nonmoving party must submit sufficient evidence to justify a finding in her favor. *Id.*; *In re Narada*, 2012 WL 833379 (B.A.P. 9th Cir. 2012). Debtors bald assertion that maybe the debts could have been attributed to the other causes of action doesn't create a genuine issue of material fact as to whether the debt is nondischargeable under § 523(a)(19).

In addition, the monetary judgment here was attributable to each and every cause of action alleged by Plaintiff. In *Cohen v. de la Cruz*, 523 U.S. 213, 214, 118 S. Ct. 1212, 1214, 140 L. Ed. 2d 341 (1998), discussed *supra,* the debt for fraud was not limited to recovering the amount fraudulently obtained, and instead extended to all losses. Likewise, in this case the debt for a judgment for violation of the state securities laws should not limited to the sales price of the securities, but should include all the damages that arose as a result of Debtor selling these securities – interests in the properties, notes and deeds of trust.

The Judgment here does not break out the damages. Thus, this Court should take at face value the Judgment and its assessment of damages, and rule that the under that Judgment, the damages arose from each cause of action for which judgment was granted, and against each Defendant.

Debtor also goes into detail about the securities causes of action, noting that Plaintiff's judgment did reference voiding securities, and could (using speculation again)

have awarded the principal and interest on the breach of contract action. However, Plaintiff's complaint in the superior court clearly asked for the damages awarded and requested them for the securities law violations. The Complaint asserted damages "in an amount to be proven at trial." The prayer for relief requested judgment for the principal amount of all investments made, for consequential and incidental damages, and for all compensatory and punitive damages, and also requested "such other and further relief as this court deems just and equitable in the circumstances." Plaintiff's Controverting Statement of Facts in Support of Plaintiff's Motion for Summary Judgment ("PCSOF") ¶ 40. Further, it sought judgment on eight different types of state securities fraud, which supported a variety of damage relief. See Exhibit B to PSOF. Thus, the record shows a request for a full award of damages of any kind. The Judgment awarded Plaintiff just that.

The Debtor is grasping at straws when she argues that "maybe" the damages "could" have been for something other than securities fraud. She fails to rebut the evidence presented by Plaintiff to show that the elements of non-dischargeablity under 11 U.S.C. § 523(a)(19) have been met here, and that the Court must rule in favor of Plaintiff and provide that the judgment for violation of state securities laws, and all damages assessed in the complaint are not dischargeable in Debtor's bankruptcy.

**VII. DEBTOR HAD A FULL AND FAIR OPPORTUNITY TO LITIGATE**

Debtor contends that she did not have a full and fair opportunity to litigate the superior court case because the trial court entered judgment against her without conducting a hearing.

In making this argument, the Debtor ignores that the Superior Court was aware of her actions before entering the Judgment here. The Debtor's absences at the hearings the Superior Court conducted were known to the Court because it conducted those hearings.[1]

Further, when Plaintiff filed his Motion for Entry of Judgment, Debtor had the opportunity then to explain herself, make argument against the entry of judgment, and assert her defense to the Motion. She completely failed to do so. The Superior Court also held a hearing on the issue at the July 16, 2010 status conference of which the Debtor had notice.

The Superior Court noted that failure of Debtor to respond to the Motion and appear at the hearing to contest the Motion were part of the basis for it to proceed with the entry of judgment. The court also noted that none of the notices sent by the court to Debtor had resulted in returned mail.[2]

## VIII. THE CIRCUMSTANCES HERE DO NOT JUSTIFY AN ORDER PERMITTING DEBTOR TO RE-LITIGATE THE ISSUES

Debtor argues that the Court should permit her to relitigate the issues here based on the Restatement (Second) of Judgments §28 which provides that a Court may do so when "(1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or . . . (5) There is a clear and

---

[1] The Debtor contends that she tried to appear by phone at the July 16, 2010 hearing, one of three she failed to attend. In another Adversary Proceeding in Debtor's bankruptcy case, Stall v. Thompson, Adv. Case No.: 2:12-ap-00642, that very counsel asserts that as to "the critical July 16, 2010, status conference… Counsel certainly telephoned Ms. Thompson at the required time, twice, each time with no response."

[2] Debtor also claimed she did not recall receiving notice of 7/16/10 minute entry.

convincing need for a new determination of the issue . . . (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action."

Neither of these exceptions to issue preclusion should be applied here.

First, Debtor asserts that she could not appeal the Judgment because it was not final. However, Debtor took no other action to attempt to vacate the judgment, attack it, or to get a final judgment that she could appeal. As indicated previously, all the parties and the court treated the Judgment as final.

Further, as also noted *supra,* the Judgment was reviewable by way of a special action. As a result, Debtor was not left without any remedy by way of review of the judgment.

Debtor asserts that the Court should grant her relief under the Second exception because (1) she only missed three status conferences and didn't respond to the Motion for Entry of Judgment, and (2) the discovery she never answered wasn't yet due when the Motion for Entry of Judgment was filed, and (3) she didn't get notice that judgment might be entered against her. These things, she says, demonstrate "the compelling showing of unfairness needed for issue preclusion to not apply under Restatement § 27(5). *See* Restatement § 27, cmt j."

Even assuming all of her assertions were true, Debtor has not shown that she did not have a fair opportunity to respond and litigate these issues. Instead, the evidence clearly shows that she simply decided not to participate in the litigation, not to appear at

the hearings and status conferences, not to answer discovery requests and not to respond to the request for judgment to be entered against her based on that failure to participate.

The Restatement (Second) Judgments, § 28 comment concerning this exception to applying issue preclusion notes that the application of this provision "must be the rare exception, and litigation to establish an exception in a particular case should not be encouraged. Thus it is important to admit an exception only when the need for a redetermination of the issue is a compelling one." *Id.*, *comment g*. This is not one of the rare exceptions where the need for redetermination of the issue is compelling. Debtor has not come even close to making a case for such a ruling.

## CONCLUSION

Accordingly, this Court should rule that the Judgment in this case is nondischargeable.

The availability of appeal is important in determining whether there has been a full and fair opportunity to litigate. *United States v. Salemo,* 81 F.3d 1453, 1464 (9th Cir. 1996). *See* restatement (Second) of Judgments § 28 (1982); *Glover v. Hunsicker,* 604 F.Supp. 665, 666 (E.D.Pa.1985); 50 C.J.S. *Judgment* § 781 at 341 (1997); 46 Am.Jur.2d *Judgments* § 590 at 866 (1994). The United States Supreme Court has explained the rationale for this rule:

This is not to suggest that the availability of appellate review is always an essential predicate of estoppel. The estoppel doctrine, however, is premised upon an underlying confidence that the result achieved in the initial litigation was substantially

correct. In the absence of appellate review, or of similar procedures, such confidence is often unwarranted.

*Standefer v. United States,* 447 U.S. 10, 23 n. 18, 100 S.Ct. 1999, 2007 n. 18, 64 L.Ed.2d 689 (1980) (citations omitted). No full and fair opportunity to litigate existed because the state could not appeal. For the foregoing reasons, we agree with the trial court that collateral estoppel does not apply.

*State v. One Single Family Residence at 1810 E. Second Ave., Flagstaff, Ariz.*, 193 Ariz. 1, 7, 969 P.2d 166, 172 (Ct. App. 1997)

A party lacks a "full and fair opportunity to litigate" only when such party is denied due process of law. *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1074 (3d Cir.1990) (Plaintiff's "failure to avail himself of available procedures" did not constitute a lack of a full and fair opportunity to litigate) (citing *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)). In other words, "as long as a prior federal court judgment is procured in a manner that satisfies due process concerns, the requisite 'full and fair opportunity' existed" for purposes of collateral estoppel. *Pactiv Corp. v. Dow Chemical Co.,* 449 F.3d 1227, 1233 (Fed.Cir.2006) (quotations and citations omitted).

*In re Nat'l Med. Imaging, LLC*, 439 B.R. 837, 846 (Bankr. E.D. Pa. 2009)

DATED this 26th day of April, 2013.

**LAW OFFICE OF JOSEPH A. VELEZ**

///s/ Joseph A. Velez/
Joseph A. Velez
Attorney for Plaintiff

ORIGINAL of the foregoing filed
this 26th day of April, 2013 with:

Clerk of the Court
US Bankruptcy Court
via ECF filing

COPY of the foregoing emailed
this 26th day of April, 2013 to:

Kelley E. Braden
KUTAK ROCK LLP
8601 N. Scottsdale Road, Suite 300
Scottsdale, AZ 85253


**By: /s/ Jennifer L. Levine**