**JOSEPH A. VELEZ (SBN: 16059)**
**ATTORNEY AT LAW**
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251
Tel: (480) 710-5079
Fax: (480) 945.0553
*Attorney for Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE THOMPSON<br><br>Debtors.<br>_____<br><br>SHELDON R. GERARD REVOCABLE LIVING TRUST AGREEMENT DATED JANUARY 15, 2004, a trust organized under the laws of Arizona<br><br>Plaintiffs,<br>v.<br>MICHELLE LYNN THOMPSON F/K/A MICHELLE WELLS, AND JOHN DAVID THOMPSON,<br><br>Defendants. | Case No. 2:11-bk-32864-RJH<br><br>Adv. No. 2:12-ap-00644<br><br>**PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs, Sheldon R. Gerard and the Sheldon R. Gerard Revocable Living Trust Agreement, Dated January 15, 2004 (collectively "Gerard" or "Plaintiff"), submit the following Controverting Statement of Facts in Response to Defendants' Separate Statement of Facts in Response to Plaintiffs' Motion for Summary Judgment.

1. Plaintiff responds that while there were other Defendants in the state court action, the only relevant Defendants are Gold Key Investment, LLC ("Gold Key") and debtor Michelle Lynn Thompson, then known as Michelle Wells ("Debtor" or "Defendant"), and therefore they are properly referred to collectively as the "State Court Defendants".

2. Plaintiff admits the additional statements made by Defendants in response to his PSOF 2.

3. No response necessary.

4. No response necessary.

5. Plaintiff has no knowledge or information with which to refute Defendants' assertion that Debtor had no money to pay her counsel.

6. Plaintiff asserts that the Minute Entry dated July 16, 2010 clearly shows that Debtor were served at the address provided by them as their address.

7. Plaintiff notes that Defendants fully admit that Debtor never responded to the discovery, even after the Motion for Entry of Judgment was filed. Thus, the discovery was not provided when due, whether the due date was August 11, 2010, as stated by Plaintiff's counsel in the Motion for Entry of Judgment, or August 16, 2010 as stated by Defendants here. The discovery was not provided before the Court entered its judgment on September 16, 2010.

8. Plaintiff notes that Defendants again admit that they failed to make appearances when acting in pro per, as the facts clearly show.

9. Plaintiff asserts that while Defendants now assert that Debtor attempted to participate in the next status conference set for July 16, 2010, at the time they never filed anything or attempted to explain their failure to appear at the conference.

10. Debtor asserts she did respond to discovery, but her statements in paragraph 7 and her declaration clearly state that she did not respond to the discovery propounded to her on July 1, 2010. Further, she admits she never supplemented the discovery propounded to her before her counsel passed away, and that discovery was inadequate, as Plaintiff pointed out to the court. Plaintiff

incorporates by reference his response set forth in paragraph 7 regarding the due date of the discovery responses. Plaintiff admits that the Motion for Entry of Judgment only requested a judgment based on the obstruction of discovery and failure to participate in the case, and requested a hearing only on damages. Plaintiff denies any facts not specifically refuted herein.

11. Plaintiff incorporates by reference his response in paragraph 7 above.

12. Plaintiff was not present at the hearing held September 27, 2010, and thus has no basis for denying that the court took testimony on both the factual basis of Plaintiffs' claims as well as evidence of their damages. The Minute Entry of September 27, 2010, Exhibit I to PSOF, did not indicate that only damage testimony was heard. Further, the transcript of the proceedings provided as Exhibit 2 to the Defendants' Controverting Statement of Facts (DCSOF) shows that the factual basis for liability was also testified to by Plaintiffs. See pages 12-17, 47-48, 68, 72, 81-83.

13. Defendants admit the assertions of this PSOF, even as they assert that they deny this paragraph. Plaintiff denies the statements made by Defendants in paragraph 13. Further, Defendants' factual assertions do not change that the judgment in the State Court Action was rendered against Michelle Thompson, the debtor in this case.

14. Plaintiff reasserts his statement of fact as set forth in paragraph 14 of Plaintiff's Statement of Facts in Support of Motion for Summary Judgment.

15. Plaintiff reasserts his statement of fact as set forth in paragraph 15 of Plaintiff's Statement of Facts in Support of Motion for Summary Judgment. In addition, Exhibit 2 to DCSOF contains testimony that Debtor failed to use money she obtained for rehabbing properties as Debtor represented to Plaintiffs she would do and took it for her own us or to pay interest due to investors.

16. Plaintiff reasserts his statement of fact as set forth in paragraph 16 of Plaintiff's Statement of Facts in Support of Motion for Summary Judgment, and notes that the judgment in the state court is against the Debtor.

17. Plaintiff reasserts his statement of fact as set forth in paragraph 17 of Plaintiff's Statement of Facts in Support of Motion for Summary Judgment, and notes that the judgment in the state court is against the Debtor.

18. Plaintiff reasserts his statement of fact as set forth in paragraph 18 of Plaintiff's Statement of Facts in Support of Motion for Summary Judgment, and notes that the judgment in the state court is against the Debtor.

19. Plaintiff reasserts his statement of fact as set forth in paragraph 18 of Plaintiff's Statement of Facts in Support of Motion for Summary Judgment.

20. Despite Debtor's assertions to the contrary, the Superior Court judgment clearly states that it finds "that each and every Defendant: has breached its contracts with the Plaintiffs, has committed Intentional Fraud, has committed Intentional Consumer Fraud, has committed Intentional State Securities Fraud, has breached its or her Fiduciary Duty to the Plaintiffs, and has committed negligence." This includes Debtor. PSOF Exhibit J, Judgment.

21. Admitted that all the individual damage assessments add up to $1,723,439.00.

22. Plaintiff reasserts his statement of fact as set forth in paragraph 22 of Plaintiff's Statement of Facts in Support of Motion for Summary.

**PLAINTIFF'S RESPONSE TO DEBTOR'S
SEPARATE STATEMENT OF FACTS**

23. Objected to as not relevant to the issues here, otherwise admitted.

24. Objected to as not relevant to the issues here, otherwise admitted.

25. Objected to as not relevant to the issues here, otherwise admitted.

26. Admit that the properties were to be sold or rented after remodel. Denied that Plaintiffs were kept informed. See PSOF; Exhibit 2 to DCSOF, transcript of superior court hearing.

27. Objected to as not relevant to the issues here.

28. Objected to as not relevant to the issues here, otherwise admitted.

29. Objected to as not relevant to the issues here.

30. Objected to as not relevant to the issues here.

31. Objected to as not relevant to the issues here. Admit that monthly payments were to be made. Denied all remaining allegations, especially Debtor's self-interested assertion about her "honest" beliefs.

32. Objected to as not relevant to the issues here.

33. Objected to as not relevant to the issues here, otherwise admitted.

34. Objected to as not relevant to the issues here. Admitted that interest payments were discontinued. Denied as to remainder of self-interested declaration.

35. Objected to as not relevant to the issues here. Denied. See Exhibit 2 to DCSOF, transcript of hearing before superior court.

36. Admitted.

37. Admitted.

38. Admitted

39. Denied. All claims and causes of action were asserted against all Defendants, including Debtor.

40. Admit such allegations were made. In addition, Plaintiffs asserted damages "in an amount to be proven at trial" and requested in their prayer for relief judgment for the principal amount of all investments made, for consequential and incidental damages, and for all compensatory and punitive damages, and also requested "such other and further relief as this court deems just and equitable in the circumstances." PSOF Exhibit B, ¶ 54, and p. 14.

41. Objected to as not relevant to the issues here. Admitted that Debtor's first attorney passed away and that she had new counsel later. Remainder denied as beyond Plaintiff is without knowledge of Debtor's finances at the time.

42. Admitted that Debtor proceeded in pro per. Remainder objected to as not relevant to the issues here and denied as to Debtor's finances at the time.

43. Admitted. However, the responses were insufficient. See DCSOF, Exhibit 1.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted, but counsel also stated he would only be amenable to such an extension if positive steps to providing the discovery were demonstrated. Further, Debtor never sought such an extension, nor did she show that she was taking positive steps to providing the discovery.

48. See Plaintiff's response in paragraph 7, above.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted, except that the superior court entered judgment, and did not characterize it as a default judgment. The court also noted that in addition to the failure to appear and to cooperate with discovery, Debtor had not responded to the Motion for Entry of Judgment.

53. Admitted that the order so states.

54. Denied. See paragraph 12 above.

55. Denied. See paragraph 12 above.

56. Admitted.

57. Admitted; counsel also asked that the maximum damages be granted against all defendants, jointly and severally. DCSOF Exhibit 3, p. 10.

58. Admitted.

59. Denied. The Court denied judgment on the RICO claims as unsupported, and the breach of implied covenant of good faith and fair dealing is subsumed in the breach of contract claim. DCSOF Exhibit 4, Minute Entry dated December 7, 2010.

60. Admitted that no Rule 54(b), A.R.Civ.P. language is included in the judgment. Denied that such language is required.

61. Admitted.

62. Denied. The minute entry states that "THE COURT FINDS that the evidence presented does not support an award of damages pursuant to A.R.S. 13-2314.01 (RICO)."

63. Admitted.

64. Admitted.

65. Denied. The damages were assessed under all causes of action and claims listed.

66. Denied. The court had before it all the information needed to determine whether sanctions were warranted. Debtor failed to appear at hearings the court itself ordered. The court heard from Plaintiffs as to the status of discovery at such hearings. Further, Debtor had advance notice of the sanctions because she was served with the Motion for Entry of Judgment.

67. Objected to as not relevant. Admitted.

68. Objected to as not relevant. Admitted.

69. Admitted.

70. Admitted.

71. Objected to as not relevant.

72. Objected to as not relevant.

DATED this 26th day of April, 2013.

**LAW OFFICE OF JOSEPH A. VELEZ**

<u>*/s/ Joseph A. Velez*</u>
Joseph A. Velez
Attorney for Plaintiff

ORIGINAL of the foregoing filed
this 26th day of April, 2013 with:

Clerk of the Court
US Bankruptcy Court

| | |
|---|---|
| 1 | |
| 2 | via ECF filing |
| 3 | COPY of the foregoing emailed |
| 4 | this 26th day of April, 2013 to: |
| 5 | Kelley E. Braden |
| 6 | KUTAK ROCK LLP |
| 7 | 8601 N. Scottsdale Road, Suite 300<br>Scottsdale, AZ 85253 |
| 8 | |
| 9 | **_By: /s/ Jennifer L. Levine_** |